V. FRANKLIN V. CHARLES C. HESKETT, APPELLANT, JOHN S.
CRANOR, APPELLEE.

FILED MAY 1, 1915. No. 18118.

Mortgage Foreclosure: DEFENSE: DEFECT OF TITLE. In an action to
foreclose a purchase money mortgage, when it clearly appears that
the mortgagor has obtained a good title to the mortgaged premises
by reason of the fact that he and his grantors have been in the
open, notorious, exclusive and uninterrupted possession of the
premises for more than 22 years, claiming adverse to all the world,
a defect in the paper title of his remote grantor is no defense
to the foreclosure proceedings.

APPEAL from the district court for Hitchcock county:
HARRY S. DUNGAN, JUDGE. Affirmed.

Eldred, Cordeal & McCarl, for appellant.

Lambe & Butler, contra.

BARNES, J.

This was an action of foreclosure. A judgment was rendered by the district court for Hitchcock county by which the defendant John S. Cranor obtained a decree foreclosing his mortgage for $1,000 on a certain tract of land in that county, and the defendant Heskett has appealed.

The facts as they appear from the record may be briefly stated as follows: One Steinhaus was the owner of the west half of the southeast quarter, the southeast quarter of the northwest quarter, and the southwest quarter of the northeast quarter of section 32, in township 2 north, of range 31 west of the sixth P. M., in Hitchcock county, Nebraska. He died intestate, and the administrator of his estate sold and conveyed the land in question to August Anderson, whose deed was recorded April 4, 1888. It may be conceded that the deed by which he obtained his title was voidable for irregularities in the administrator's sale. Anderson went into possession when he obtained his deed, and in March, 1904, conveyed the land by warranty deed

to Cranor. In 1907 Cranor conveyed to Heskett, and his conveyance contained other lands. Heskett at the time gave Cranor a purchase money mortgage for $4,000, due September 4, 1910. In June, 1909, Heskett paid Cranor all but $1,000 of this indebtedness and gave him a new note and mortgage on the land in controversy, due September 16, 1910, which mortgage was recorded June 8, 1909. On December 22, 1909, Heskett and wife gave plaintiff, Franklin, a mortgage on this and other lands for $3,890.10. Franklin commenced foreclosure proceedings in February, 1911, making Heskett and wife and Cranor and wife parties defendant. Cranor, having moved to Wyoming, was served by publication, and a default decree of foreclosure was awarded Franklin on May 3, 1911. On November 18, 1911, Cranor was allowed by the court to open up the decree, and thereupon he filed an answer and cross-bill praying for a foreclosure of his prior mortgage on so much of the land as was described therein. The plaintiff, Franklin, and the defendant Heskett filed like replies to Cranor's answer and cross-bill, alleging that the title acquired by Anderson, who was Cranor's grantor, was void for irregularities; that plaintiff Franklin had obtained quitclaim deeds from the heirs of Steinhaus. Heskett alleged that Franklin had ousted him from possession, and that the title to the Steinhaus land conveyed by Cranor to him had failed. Both prayed that Cranor's mortgage be canceled. Cranor by his reply alleged, among other things, that he and his immediate grantor, Anderson, had been in the open, notorious, exclusive and adverse possession of the Steinhaus land from April 4, 1888, until he conveyed it to Heskett, and that the deed by him to Heskett conveyed a good and perfect title. The reply also contained an allegation of conspiracy on the part of Franklin and Heskett to deprive him of his rights under his mortgage. The cause was tried upon the issues thus joined, and resulted in findings and a decree in favor of Cranor foreclosing his mortgage.

It thus appears that the controlling issue in this case is one of fact, and the real question to be determined is:

Did Anderson and Cranor have the open, notorious, exclusive and adverse possession of the land in question a sufficient length of time before it was conveyed to Cranor to give him a good title thereto?

It appears from the testimony that August Anderson purchased the Steinhaus land at administrator's sale in the spring of 1888, and received a deed therefor, which was recorded in April of that year. The witnesses Phillips, Knobbs, Brennan, and Josephine Anderson, his widow, all testified that he took possession of the land and broke a part of it in the year 1888, and fenced all of it the following season; that he continued in uninterrupted possession of the land and paid the taxes thereon until he sold it to Cranor in 1904. The testimony also shows that Cranor took possession of this and other lands and remained in possession until he sold to defendant Heskett in 1907; that Heskett has remained in the uninterrupted possession of it ever since that date. While there were irregularities in the administrator's sale to Anderson, he took possession under color of title, and the evidence is clear and convincing that he and his grantees, Cranor and Heskett, have been in the open, notorious, adverse and exclusive possession of the Steinhaus farm for more than 22 years. It appears that plaintiff, Franklin, in the year 1911 obtained quitclaim deeds from the two Steinhaus heirs for the sum of $1 each, but Franklin has never disturbed Heskett in his possession. Such being the case, Heskett's allegation of disseizin was not sustained. It seems clear that the title which Heskett obtained from defendant Cranor is valid, and therefore he had no defense to the $1,000 mortgage given by him to Cranor.

The judgment of the district court was clearly right, and is

AFFIRMED.

LETTON, SEDGWICK and HAMER, JJ., not sitting.